Rockingham, }
Nov. 4, 1913. }

CHARLES R. QUINN  v.  DANIEL W. BADGER  *& a.*

The police officers of Portsmouth are not entitled to extra compensation for services rendered under a warrant issued by the mayor directing the killing of unlicensed dogs and the entry of complaints against their owners, unless the bills therefor have been approved by the city marshal or the police commissioners.

BILL IN EQUITY, for an injunction.  Trial by the court and decree for the plaintiff.  Transferred from the October term, 1912, of the superior court by *Mitchell*, J.

The plaintiff is a taxpayer in Portsmouth, and the defendants are the mayor, treasurer, and three members of the police force of that city. May 8, 1912, the mayor issued to the defendant police officers the warrant provided for by section 11, chapter 60, Laws 1891, the police commissioners of the city joining therein. The police officers claim that they should be paid for services rendered under the warrant, and this proceeding is brought to restrain the approval and payment of bills for such compensation.

The members of the police force are appointed by the police commissioners. The rules and regulations of the police department provide that hours of regular service will be specified, that all officers are liable to be called into service at any time, and that no extra compensation will be allowed "except upon bills approved by the marshal or the police commissioners, and ordered paid by proper authority." The work for which compensation is claimed was done outside the regular hours of service, but upon days for which the claimants received pay as policemen.

Subject to the defendants' exception, the court ruled that the police officers were not entitled to additional compensation for the services in question and that the mayor and treasurer should be enjoined from approving and paying the bills therefor.

*Arthur O. Fuller*, for the plaintiff.

*Harry W. Peyser* and *Ernest L. Guptill*, for the defendants.

YOUNG, J. The contract the police officers made with the city provides that they shall not be paid for extra services unless the bill for such services is approved by the marshal or the police commission. Their bill for serving the warrant has not been so approved, and there is no statute which provides that the city shall pay members of its police force for serving such warrants. It would be illegal, therefore, for the mayor to order this bill paid. *Sampson* v. *Rochester*, 60 N. H. 477; *White* v. *Levant*, 78 Me. 568.

                                    *Defendants' exception overruled.*

All concurred.